1522-CC00436

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

## 22ND JUDICIAL CIRCUIT

MARY SCOTINO;
SHEILA ANDERSON;
ANA E. CALERO;
DEBORAH CAMPOS;
PATRICIA A. CHANCE;
JUANITA CHURCH;
ETTA J. CLARK;
CAROLYN COLCLOUGH;
MAXINE COLEMAN;
WANDA COLEY;
SHELLIA COMBS;
KAREN COOK;
PAMELA CORBEIL;
LINDA CREGUER;
ROSEMARIE CURTISS;
YOLANDA DALPAN;
HOLLY DOBBIN;
VANESSA DOWDELL;
ROSANA DUBOSE;
DENISE DUNLAP;
JO ANN EASON;
CONNIE EATON;
KAREN EUBANKS;
ROSEMARY EZZELL;
HILDA FIELDS;
PATRICIA FORTNER;
SESAMESTREET GARNER;
CATHY GREEN;
ARIE HANNING;
VELMA HARRELL;
MARY HAWKINS;
ROSEMARY HAYES;
ANNIE HENRY;
DEBRA HILTON;
MARY E. HINES;
SUSIE HOARD;
IRENE HUDSON-PEREZ;
MARY C. JACKSON;
MARTHA JAMES;
NAOMI JENKINS;
JANICE JOHNSON;
MARGARET JOHNSON;
SOPHIA JOHNSON;
MARCIA JONES;

Case No.: _____

**PETITION FOR DAMAGES
AND
DEMAND FOR JURY TRIAL**

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

SHELBY KENDALL;
SAVITRE KHAN;
KATHERINE KINSLEY;
KATHY KNIFFEN;
LOIS LAMB;
LOUISE LAMBERT;
YVETTE LITTLES;
RENA MANRIQUE;
BARBARA MANUEL;
CARMEN MCELHANEY;
MARJORIE MCNAB;
THERESE MELLER;
DONNA M. MITRANO;
SHARI MOORE;
JAQUELINE MORRIS;
THERESA PAINTER;
DORA PARKER;
TERRI PATTERSON;
BRENDA G. PETERS;
KAREN J. PRIEST;
MARY JO RASZEJA;
CONSTANCE REICHMAN;
LINDA G. ROGERS;
GLORIA SAXTON;
CHERYL SCHNUERLE;
MARTHA SCHULTZ;
MARGARET SCOTT;
BERNADETTE SMITH;
HAZEL SMITH;
SHEILA SMITH;
SANDRA STEWART;
MARTINA SYKORA;
JEAN TAUBE;
THERESA THRASH;
CHRISTINE ULRICH;
BARBARA URESKY;
CLARA USELDING;
BRANDEE VAN VUUREN;
RIMMA VIKDORCHIK;
MARY VISGAR;
BARBARA WALKER;
SHARON WHITE;
WILLIE WILKERSON; and
AUDREY C. WILLIAMSON.

     **Plaintiffs**,

  v.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

PFIZER, INC.;
    Serve at:
    CT Corporation System
    120 South Central Avenue
    Clayton, Missouri 63105

    **Defendant**.

## PLAINTIFFS' PETITION

Plaintiffs, by and through undersigned attorneys, bring this action against Defendant Pfizer, Inc. ("Pfizer" or "Defendant") alleging the following, upon information and belief:

## BACKGROUND

1.    This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of LIPITOR® (also known as ATORVASTATIN CALCIUM and at times referred to herein as "the subject product").

## VENUE AND JURISDICTION

2.    Venue in this action properly lies in the City of St. Louis pursuant to R.S.Mo § 508.010(4).  Plaintiff Mary Scotino is a resident of the City of St. Louis and was first injured in the City of St. Louis.

3.    This court has jurisdiction over Defendant.  Defendant is a foreign corporation conducting significant business in the City of St. Louis and the State of Missouri.  The business Defendants conducted in the State of Missouri caused injury to Missouri residents in general and Plaintiff Mary Scotino specifically.

## PARTIES

4.    Plaintiff Mary Scotino is a citizen of the state of Missouri, and resident of St. Louis, Missouri.  Plaintiff Mary Scotino brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary Scotino was diagnosed with Diabetes Mellitus Type II.

5.    Plaintiff Sheila Anderson is a citizen of the state of Maryland, and a resident of

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

Salisbury, Maryland.  Plaintiff Sheila Anderson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sheila Anderson was diagnosed with Diabetes Mellitus Type II.

6.    Plaintiff Ana E. Calero is a citizen of the state of New York, and a resident of Sunnyside, New York.  Plaintiff Ana Calero brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Ana Calero was diagnosed with Diabetes Mellitus Type II.

7.    Plaintiff Deborah Campos is a citizen of the state of New York, and a resident of Staten Island, New York.  Plaintiff Deborah Campos brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Deborah Campos was diagnosed with Diabetes Mellitus Type II.

8.    Plaintiff Patricia A. Chance is a citizen of the state of North Carolina, and a resident of Littleton, North Carolina.  Plaintiff Patricia A. Chance brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Patricia A. Chance was diagnosed with Diabetes Mellitus Type II.

9.    Plaintiff Juanita Church is a citizen of the state of Georgia, and a resident of Hahira, Georgia.  Plaintiff Juanita Church brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Juanita Church was diagnosed with Diabetes Mellitus Type II.

10.   Plaintiff Etta J. Clark is a citizen of the state of South Carolina, and a resident of Whitmire, South Carolina.  Plaintiff Etta J. Clark brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Etta J. Clark was diagnosed with Diabetes Mellitus Type II.

11.   Plaintiff Carolyn Colclough is a citizen of the state of Arkansas, and a resident of Little Rock, Arkansas.  Plaintiff Carolyn Colclough brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Carolyn Colclough was diagnosed with Diabetes Mellitus Type II.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

12.     Plaintiff Maxine Coleman is a citizen of the state of Mississippi, and a resident of Moss Point, Mississippi.  Plaintiff Maxine Coleman brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Maxine Coleman was diagnosed with Diabetes Mellitus Type II.

13.     Plaintiff Wanda Coley is a citizen of the state of North Carolina and a resident of Valdese, North Carolina.  Plaintiff Wanda Coley brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Wanda Coley was diagnosed with Diabetes Mellitus Type II.

14.     Plaintiff Shellia Combs is a citizen of the state of Maryland, and a resident of Baltimore, Maryland.  Plaintiff Shellia Combs brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Shellia Combs was diagnosed with Diabetes Mellitus Type II.

15.     Plaintiff Karen Cook is a citizen of the state of Montana, and a resident of Libby, Montana.  Plaintiff Karen Cook brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Karen Cook was diagnosed with Diabetes Mellitus Type II.

16.     Plaintiff Pamela Corbeil is a citizen of the state of Wisconsin, and a resident of Milwaukee, Wisconsin.  Plaintiff Pamela Corbeil brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Pamela Corbeil was diagnosed with Diabetes Mellitus Type II.

17.     Plaintiff Linda Creguer is a citizen of the state of Michigan, and a resident of Midland, Michigan.  Plaintiff Linda Creguer brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Linda Creguer was diagnosed with Diabetes Mellitus Type II.

18.     Plaintiff RoseMarie Curtiss is a citizen of the state of Wisconsin, and a resident of Crandon, Wisconsin.  Plaintiff RoseMarie Curtiss brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

LIPITOR®, Plaintiff RoseMarie Curtiss was diagnosed with Diabetes Mellitus Type II.

19.     Plaintiff Yolanda Dalpan is a citizen of the state of New York, and a resident of Rome, New York.  Plaintiff Yolanda Dalpan brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Yolanda Dalpan was diagnosed with Diabetes Mellitus Type II.

20.     Plaintiff Holly Dobbin is a citizen of the state of Maryland and a resident of Lanham, Maryland.  Plaintiff Holly Dobbin brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Holly Dobbin was diagnosed with Diabetes Mellitus Type II.

21.     Plaintiff Vanessa Dowdell is a citizen of the state of Mississippi, and a resident of Gulfport, Mississippi.  Plaintiff Vanessa Dowdell brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Vanessa Dowdell was diagnosed with Diabetes Mellitus Type II.

22.     Plaintiff Rosana Dubose is a citizen of the state of New York, and a resident of Bronx, New York.  Plaintiff Rosana Dubose brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Rosana Dubose was diagnosed with Diabetes Mellitus Type II.

23.     Plaintiff Denise Dunlap is a citizen of the state of Michigan, and a resident of Flint, Michigan.  Plaintiff Denise Dunlap brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Denise Dunlap was diagnosed with Diabetes Mellitus Type II.

24.     Plaintiff Jo Ann Eason is a citizen of the state of North Carolina, and a resident of Raeford, North Carolina.  Plaintiff Jo Ann Eason brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Jo Ann Eason was diagnosed with Diabetes Mellitus Type II.

25.     Plaintiff Connie Eaton is a citizen of the state of Maryland, and a resident of Baltimore, Maryland.  Plaintiff Connie Eaton brings this action for personal injuries sustained by the

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Connie Eaton was diagnosed with Diabetes Mellitus Type II.

26.     Plaintiff Karen Eubanks is a citizen of the state of Maryland, and a resident of Fort Washington, Maryland. Plaintiff Karen Eubanks brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Karen Eubanks was diagnosed with Diabetes Mellitus Type II.

27.     Plaintiff Rosemary Ezell is a citizen of the state of North Carolina, and a resident of Jacksonville, North Carolina. Plaintiff Rosemary Ezell brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Rosemary Ezell was diagnosed with Diabetes Mellitus Type II.

28.     Plaintiff Hilda Fields is a citizen of the state of North Carolina, and a resident of Lexington, North Carolina. Plaintiff Hilda Fields brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Hilda Fields was diagnosed with Diabetes Mellitus Type II.

29.     Plaintiff Patricia Fortner is a citizen of the state of South Carolina, and a resident of Buffalo, South Carolina. Plaintiff Patricia Fortner brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Patricia Fortner was diagnosed with Diabetes Mellitus Type II.

30.     Plaintiff Sesamestreet Garner is a citizen of the state of New York, and a resident of Bronx, New York. Plaintiff Sesamestreet Garner brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sesamestreet Garner was diagnosed with Diabetes Mellitus Type II.

31.     Plaintiff Cathy Green is a citizen of the state of Michigan, and a resident of Grand Rapids, Michigan. Plaintiff Cathy Green brings this action for personal injuries sustained by the use of LIPITOR®. As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Cathy Green was diagnosed with Diabetes Mellitus Type II.

32.     Plaintiff Arie Hanning is a citizen of the state of Michigan and a resident of Grand

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

Rapids, Michigan.  Plaintiff Arie Hanning brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Arie Hanning was diagnosed with Diabetes Mellitus Type II.

33.    Plaintiff Velma Harrell is a citizen of the state of New York, and a resident of Long Island City, New York.  Plaintiff Velma Harrell brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Velma Harrell was diagnosed with Diabetes Mellitus Type II.

34.    Plaintiff Mary Hawkins is a citizen of the state of Mississippi, and a resident of Water Valley, Mississippi.  Plaintiff Mary Hawkins brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary Hawkins was diagnosed with Diabetes Mellitus Type II.

35.    Plaintiff Rosemary Hayes is a citizen of the state of Wisconsin, and a resident of Milwaukee, Wisconsin.  Plaintiff Rosemary Hayes brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Rosemary Hayes was diagnosed with Diabetes Mellitus Type II.

36.    Plaintiff Annie Henry is a citizen of the state of Connecticut and a resident of Hartford, Maryland.  Plaintiff Annie Henry brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Annie Henry was diagnosed with Diabetes Mellitus Type II.

37.    Plaintiff Debra Hilton is a citizen of the state of New York, and a resident of Mount Vernon, New York.  Plaintiff Debra Hilton brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Debra Hilton was diagnosed with Diabetes Mellitus Type II.

38.    Plaintiff Mary E. Hines is a citizen of the state of New York, and a resident of Flushing, New York.  Plaintiff Mary E. Hines brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary E. Hines was diagnosed with Diabetes Mellitus Type II.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

39.     Plaintiff Susie Hoard is a citizen of the state of Arkansas, and a resident of West Memphis, Arkansas.  Plaintiff Susie Hoard brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Susie Hoard was diagnosed with Diabetes Mellitus Type II.

40.     Plaintiff Irene Hudson-Perez is a citizen of the state of New York, and a resident of Brooklyn, New York.  Plaintiff Irene Hudson-Perez brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Irene Hudson-Perez was diagnosed with Diabetes Mellitus Type II.

41.     Plaintiff Mary C. Jackson is a citizen of the state of New York, and a resident of Buffalo, New York.  Plaintiff Mary C. Jackson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary C. Jackson was diagnosed with Diabetes Mellitus Type II.

42.     Plaintiff Martha James is a citizen of the state of South Carolina, and a resident of Iva, South Carolina.  Plaintiff Martha James brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Martha James was diagnosed with Diabetes Mellitus Type II.

43.     Plaintiff Naomi Jenkins is a citizen of the state of South Carolina, and a resident of Green Pond, South Carolina.  Plaintiff Naomi Jenkins brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Naomi Jenkins was diagnosed with Diabetes Mellitus Type II.

44.     Plaintiff Janice Johnson is a citizen of the state of Maryland, and a resident of Baltimore, Maryland.  Plaintiff Janice Johnson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Janice Johnson was diagnosed with Diabetes Mellitus Type II.

45.     Plaintiff Margaret Johnson is a citizen of the state of Mississippi, and a resident of Ethel, Mississippi.  Plaintiff Margaret Johnson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®,

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

Plaintiff Margaret Johnson was diagnosed with Diabetes Mellitus Type II.

46.      Plaintiff Sophia Johnson is a citizen of the state of New York, and a resident of Brooklyn, New York.  Plaintiff Sophia Johnson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sophia Johnson was diagnosed with Diabetes Mellitus Type II.

47.      Plaintiff Marcia Jones is a citizen of the state of North Carolina, and a resident of Winston Salem, North Carolina.  Plaintiff Marcia Jones brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Marcia Jones was diagnosed with Diabetes Mellitus Type II.

48.      Plaintiff Shelby Kendall is a citizen of the state of Mississippi, and a resident of Coffeeville, Mississippi.  Plaintiff Shelby Kendall brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Shelby Kendall was diagnosed with Diabetes Mellitus Type II.

49.      Plaintiff Savitre Khan is a citizen of the state of New York, and a resident of Ozone Park, New York.  Plaintiff Savitre Khan brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Savitre Khan was diagnosed with Diabetes Mellitus Type II.

50.      Plaintiff Katherine Kinsley is a citizen of the state of New York and a resident of Holland, New York.  Plaintiff Katherine Kinsley brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Katherine Kinsley was diagnosed with Diabetes Mellitus Type II.

51.      Plaintiff Kathy Kniffen is a citizen of the state of Washington, and a resident of Lakewood, Washington.  Plaintiff Kathy Kniffen brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Kathy Kniffen was diagnosed with Diabetes Mellitus Type II.

52.      Plaintiff Lois Lamb is a citizen of the state of Mississippi, and a resident of Marks, Mississippi.  Plaintiff Lois Lamb brings this action for personal injuries sustained by the use of

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Lois Lamb was diagnosed with Diabetes Mellitus Type II.

53.    Plaintiff Louise Lambert is a citizen of the state of Washington, and a resident of Forks, Washington.  Plaintiff Louise Lambert brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Louise Lambert was diagnosed with Diabetes Mellitus Type II.

54.    Plaintiff Yvette Littles is a citizen of the state of New York, and a resident of Yonkers, New York.  Plaintiff Yvette Littles brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Yvette Littles was diagnosed with Diabetes Mellitus Type II.

55.    Plaintiff Rena Manrique is a citizen of the state of Michigan, and a resident of Muskegon, Michigan.  Plaintiff Rena Manrique brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Rena Manrique was diagnosed with Diabetes Mellitus Type II.

56.    Plaintiff Barbara Manuel is a citizen of the state of Maryland and a resident of Baltimore, Maryland.  Plaintiff Barbara Manuel brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Barbara Manuel was diagnosed with Diabetes Mellitus Type II.

57.    Plaintiff Carmen McElhaney is a citizen of the state of Washington and a resident of Bremerton, Washington.  Plaintiff Carmen McElhaney brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Carmen McElhaney was diagnosed with Diabetes Mellitus Type II.

58.    Plaintiff Marjorie McNab is a citizen of the state of Michigan and a resident of Grand Rapids, Michigan.  Plaintiff Marjorie McNab brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Marjorie McNab was diagnosed with Diabetes Mellitus Type II.

59.    Plaintiff Therese Meller is a citizen of the state of Wisconsin and a resident of

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

Greendale, Wisconsin.  Plaintiff Therese Meller brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Therese Meller was diagnosed with Diabetes Mellitus Type II.

60.    Plaintiff Donna M. Mitrano is a citizen of the state of New York and a resident of Binghamton, New York.  Plaintiff Donna M. Mitrano brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Donna M. Mitrano was diagnosed with Diabetes Mellitus Type II.

61.    Plaintiff Shari Moore is a citizen of the state of Michigan and a resident of Cassopolis, Michigan.  Plaintiff Shari Moore brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Shari Moore was diagnosed with Diabetes Mellitus Type II.

62.    Plaintiff Jacqueline Morris is a citizen of the state of South Carolina and a resident of Hartsville, South Carolina.  Plaintiff Jacqueline Morris brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Jacqueline Morris was diagnosed with Diabetes Mellitus Type II.

63.    Plaintiff Theresa Painter is a citizen of the state of South Carolina and a resident of Sumter, South Carolina.  Plaintiff Theresa Painter brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Theresa Painter was diagnosed with Diabetes Mellitus Type II.

64.    Plaintiff Dora Parker is a citizen of the state of Mississippi and a resident of Forest, Mississippi.  Plaintiff Dora Parker brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Dora Parker was diagnosed with Diabetes Mellitus Type II.

65.    Plaintiff Terri Patterson is a citizen of the state of Washington and a resident of Bonney Lake, Washington.  Plaintiff Terri Patterson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Terri Patterson was diagnosed with Diabetes Mellitus Type II.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

66.     Plaintiff Brenda G. Peters is a citizen of the state of Mississippi and a resident of Foxworth, Mississippi.  Plaintiff Brenda G. Peters brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Brenda G. Peters was diagnosed with Diabetes Mellitus Type II.

67.     Plaintiff Karen J. Priest is a citizen of the state of New York and a resident of Parish, New York.  Plaintiff Karen J. Priest brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Karen J. Priest was diagnosed with Diabetes Mellitus Type II.

68.     Plaintiff Mary Jo Raszeja is a citizen of the state of Wisconsin and a resident of Milwaukee, Wisconsin.  Plaintiff Mary Jo Raszeja brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary Jo Raszeja was diagnosed with Diabetes Mellitus Type II.

69.     Plaintiff Constance Reichman is a citizen of the state of New York and a resident of Niagara Falls, New York.  Plaintiff Constance Reichman brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Constance Reichman was diagnosed with Diabetes Mellitus Type II.

70.     Plaintiff Linda G. Rogers is a citizen of the state of Wisconsin and a resident of Cameron, Wisconsin.  Plaintiff Linda G. Rogers brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Linda G. Rogers was diagnosed with Diabetes Mellitus Type II.

71.     Plaintiff Gloria Saxton is a citizen of the state of New York and a resident of Bronx, New York.  Plaintiff Gloria Saxton brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Gloria Saxton was diagnosed with Diabetes Mellitus Type II.

72.     Plaintiff Cheryl Schnuerle is a citizen of the state of New York and a resident of Sound Beach, New York.  Plaintiff Cheryl Schnuerle brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

LIPITOR®, Plaintiff Cheryl Schnuerle was diagnosed with Diabetes Mellitus Type II.

73.     Plaintiff Martha Schultz is a citizen of the state of North Carolina and a resident of Burlington, North Carolina.  Plaintiff Martha Schultz brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Martha Schultz was diagnosed with Diabetes Mellitus Type II.

74.     Plaintiff Margaret Scott is a citizen of the state of New York and a resident of Brooklyn, New York.  Plaintiff Margaret Scott brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Margaret Scott was diagnosed with Diabetes Mellitus Type II.

75.     Plaintiff Bernadette Smith is a citizen of the state of North Carolina and a resident of High Point, North Carolina.  Plaintiff Bernadette Smith brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Bernadette Smith was diagnosed with Diabetes Mellitus Type II.

76.     Plaintiff Hazel Smith is a citizen of the state of South Carolina and a resident of Abbeville, South Carolina.  Plaintiff Hazel Smith brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Hazel Smith was diagnosed with Diabetes Mellitus Type II.

77.     Plaintiff Sheila Smith is a citizen of the state of Maryland and a resident of Baltimore, Maryland.  Plaintiff Sheila Smith brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sheila Smith was diagnosed with Diabetes Mellitus Type II.

78.     Plaintiff Sandra Stewart is a citizen of the state of Arkansas and a resident of Procter, Arkansas.  Plaintiff Sandra Stewart brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sandra Stewart was diagnosed with Diabetes Mellitus Type II.

79.     Plaintiff Martina Sykora is a citizen of the state of Wisconsin and a resident of Green Bay, Wisconsin.  Plaintiff Martina Sykora brings this action for personal injuries sustained by

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Martina Sykora was diagnosed with Diabetes Mellitus Type II.

80.     Plaintiff Jean Taube is a citizen of the state of Michigan and a resident of Farmington Hills, Michigan.  Plaintiff Jean Taube brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Jean Taube was diagnosed with Diabetes Mellitus Type II.

81.     Plaintiff Theresa Thrash is a citizen of the state of Michigan and a resident of Detroit, Michigan.  Plaintiff Theresa Thrash brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Theresa Thrash was diagnosed with Diabetes Mellitus Type II.

82.     Plaintiff Christine Ulrich is a citizen of the state of Michigan and a resident of Nashville, Michigan.  Plaintiff Christine Ulrich brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Christine Ulrich was diagnosed with Diabetes Mellitus Type II.

83.     Plaintiff Barbara Uresky is a citizen of the state of New Hampshire and a resident of North Haverhill, New Hampshire.  Plaintiff Barbara Uresky brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Barbara Uresky was diagnosed with Diabetes Mellitus Type II.

84.     Plaintiff Clara Uselding is a citizen of the state of Wisconsin and a resident of Appleton, Wisconsin.  Plaintiff Clara Uselding brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Clara Uselding was diagnosed with Diabetes Mellitus Type II.

85.     Plaintiff Brandee Van Vuuren is a citizen of the state of Michigan and a resident of Grand Rapids, Michigan.  Plaintiff Brandee Van Vuuren brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Brandee Van Vuuren was diagnosed with Diabetes Mellitus Type II.

86.     Plaintiff Rimma Vikdorchik is a citizen of the state of Massachusetts and a resident

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

of Newton, Massachusetts.  Plaintiff Rimma Vikdorchik brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Rimma Vikdorchik was diagnosed with Diabetes Mellitus Type II.

87.    Plaintiff Mary Visgar is a citizen of the state of Wisconsin and a resident of Tomah, Wisconsin.  Plaintiff Mary Visgar brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Mary Visgar was diagnosed with Diabetes Mellitus Type II.

88.    Plaintiff Barbara Walker is a citizen of the state of Mississippi and a resident of Gloster, Mississippi.  Plaintiff Barbara Walker brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Barbara Walker was diagnosed with Diabetes Mellitus Type II.

89.    Plaintiff Sharon White is a citizen of the state of Arkansas and a resident of Greenbriar, Arkansas.  Plaintiff Sharon White brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Sharon White was diagnosed with Diabetes Mellitus Type II.

90.    Plaintiff Willie Wilkerson is a citizen of the state of Wisconsin and a resident of Milwaukee, Wisconsin.  Plaintiff Willie Wilkerson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Willie Wilkerson was diagnosed with Diabetes Mellitus Type II.

91.    Plaintiff Audrey C. Williamson is a citizen of the state of North Carolina and a resident of Matthews, North Carolina.  Plaintiff Audrey C. Williamson brings this action for personal injuries sustained by the use of LIPITOR®.  As a direct and proximate result of being prescribed and ingesting LIPITOR®, Plaintiff Audrey C. Williamson was diagnosed with Diabetes Mellitus Type II.

92.    At all times herein mentioned, Pfizer was and is a corporation existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York.  At all relevant times, Pfizer transacted business in the State of Missouri and derives

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

substantial income from doing business in this state.

93.     At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, advertised, promoted, supplied, and sold LIPITOR® to distributors and retailers for resale to physicians, hospitals, medical practitioners, and the general public.

94.     Defendant is authorized to do business in Missouri and derive substantial income from doing business in this state.

95.     Defendant purposefully availed itself of the privilege of conducting activities with Missouri, thus invoking the benefits and protections of its laws.

96.     At all times herein mentioned, Defendant designed, sold, advertised, marketed, promoted, manufactured and/or distributed LIPITOR® in the City of St. Louis, with full knowledge of its dangerous and defective nature.

## FACTUAL ALLEGATIONS

97.     This is a civil action brought on behalf of Plaintiffs regarding damages that were proximately caused by the ingestion of LIPITOR® by Plaintiffs.

98.     The State of Missouri has a substantial interest in assuring that the acts of this Defendant who has been given the privilege of doing business within its borders act in conformity with all laws applicable to the acts as set forth in the Petition.

99.     At all times material hereto, Defendant was in the business of designing, testing, manufacturing, labeling, advertising, marketing, testing, promoting, selling, and distributing pharmaceuticals, including LIPITOR®, for use by the general public, including Plaintiffs.

100.    At all times material hereto, Defendant, by and through its agents, servants, and/or employees failed to adequately warn physicians and consumers, including Plaintiffs herein, of the risk of developing diabetes from LIPITOR®.

101.    LIPITOR® is an HMG-CoA reductase inhibitor and a member of the drug class known as statins.

102.    LIPITOR® is prescribed to reduce the amount of cholesterol and other fatty substances in the blood.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

103.    Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company obtained approval from the Food and Drug Administration ("FDA") to market LIPITOR® on December 17, 1996.  Warner-Lambert entered into a co-marketing agreement with Pfizer to sell LIPITOR®, and thereafter those companies began distributing and selling LIPITOR® throughout the United States in 1997. On June 19, 2000, Pfizer acquired Warner-Lambert and all rights to LIPITOR®.

104.    Despite its knowledge of data indicating that LIPITOR® use is causally related to the development of type 2 diabetes and/or blood glucose levels diagnostic for type 2 diabetes, Pfizer promoted and marketed LIPITOR® as safe and effective for persons such as Plaintiffs throughout the United States, including the State of Missouri and the City of St. Louis.

105.    On August 11, 2011, the Division of Metabolism and Endocrinology Products of the FDA requested that Defendant Pfizer make labeling changes for LIPITOR® based upon the FDA's comprehensive review, including clinical trial data.

106.    In February 2012, Pfizer complied with the FDA request and added the following language to its Warnings and Precautions Section: "Increases in HbA1c and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including LIPITOR®."

107.    Until the February 2012 change, LIPITOR®'s label had never warned patients of any potential relation between changes in blood sugar levels and taking LIPITOR®.

108.    Despite the February 2012 label change, LIPITOR®'s label continues to fail to warn consumers of the serious risk of developing type 2 diabetes per se when using LIPITOR®.

109.    At all times material hereto, Defendant knew or should have known that the risks of LIPITOR® included the severe and life-threatening complications of type 2 diabetes.

110.    At all times material hereto, Defendant, by and through its agents, servants, and/or employees, negligently, recklessly and/or carelessly marketed, distributed, and/or sold LIPITOR® without adequate instructions or warnings of the drug's serious side effects and unreasonably dangerous risks.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

111.   Defendant, through its funding and control of certain studies concerning the effects of LIPITOR® on human health, its control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, engaged in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between LIPITOR® and type 2 diabetes, to the detriment of the public health, safety, and welfare, and thereby causing harm to the State.

112.   Specifically, and in addition to the allegations above, Defendant knew of the hazards associated with LIPITOR®, affirmatively and actively concealed information which clearly demonstrated the dangers of LIPITOR®, and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of LIPITOR® with the intent that prescribing physicians would continue to prescribe LIPITOR®. Defendant well knew that prescribing physicians would not be in a position to know the true risks ofLIPITOR®, and Defendant knew that prescribing physicians would rely upon the misleading information that it promulgated.

113.   At all pertinent times, Defendant purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiffs, use LIPITOR® as Defendant intended, that Plaintiffs would be substantially certain to suffer disease, injury, and sickness.

114.   The statements, representations, and promotional schemes publicized by Defendant were deceptive, false, incomplete, misleading, and untrue. Defendant knew, or should have known, that its statements, representations, and advertisements were deceptive, false, incomplete, misleading, and untrue at the time of making such statements. Defendant had an economic interest in making such statements. Neither the Plaintiffs nor the physicians who prescribed LIPITOR® to them had knowledge of the falsity or untruth of Defendant's statements, representations, and advertisements when prescriptions for LIPITOR® were written. Moreover, Plaintiffs and Plaintiffs' physician(s) had a right to rely on Defendant's statements, representations, and advertisements. Each of the statements, representations, and advertisements were material to the Plaintiffs' purchases of LIPITOR® in that the Plaintiffs would not have purchased LIPITOR® if Plaintiffs had known that Defendant's statements, representations, and advertisements were deceptive, false, incomplete,

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

misleading, and untrue. These acts were designed to and did in fact allow Defendant to earn substantial income from the sale of LIPITOR®.

115.    Plaintiffs were prescribed LIPITOR® and used it as directed.

116.    Plaintiffs were prescribed LIPITOR® to lower their levels of low-density lipoprotein ("LDL").

117.    Plaintiffs developed type 2 diabetes after initiating their LIPITOR® treatment.

118.    As a result of Plaintiffs' diagnosis with type 2 diabetes, for the rest of their life they must undergo regular testing of their blood glucose levels, adhere to a restrictive diabetic diet, and take medication to control their diabetes.  Due to their diabetes, they are now at markedly increased risk of heart disease, blindness, neuropathy, and kidney disease.

119.    Plaintiffs had a right to rely upon the representations of Defendant and were directly and proximately injured by such reliance, all as described above.

120.    Had Defendant properly disclosed the risks associated with LIPITOR®, Plaintiffs would have avoided the risk of diabetes by either not using LIPITOR® at all or by closely monitoring their blood glucose levels to see if the drug was adversely affecting their metabolism.

121.    Defendant has over-promoted LIPITOR®, thus eliminating a defense of learned intermediary.

122.    LIPITOR® fails to meet reasonable consumer expectations, thus eliminating the defense of learned intermediary.

123.    Defendant negligently, recklessly, and wantonly failed to warn Plaintiffs, Plaintiffs' physicians, ·and the general public, of the risks associated with taking LIPITOR®. Defendant failed to do so even after various studies, including its own, showed that there were problems concerning the risk of diabetes associated with LIPITOR®.

124.    Defendant endeavored to deceive Plaintiffs and the general public by not disclosing the findings of the various studies, including its own that revealed problems concerning the dangers of LIPITOR®.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

125.    Further, Defendant did not provide warnings and instructions that would have put Plaintiffs, Plaintiffs' physicians, and the general public, on notice of the dangers and adverse effects caused by LIPITOR®.

126.    Defendant designed, manufactured, distributed, sold, and/or supplied LIPITOR®, and placed LIPITOR® into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiffs and the general public.

127.    LIPITOR® as designed, manufactured, distributed, sold, and/or supplied by Defendant was defective as marketed due to inadequate warnings, instructions, and/or labeling.

128.    LIPITOR® as designed, manufactured, distributed, sold, and/or supplied by Defendant was defective due to inadequate testing before and after Defendant's knowledge of the various studies, including its own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with LIPITOR®.

129.    As alleged herein, as a direct, proximate, and legal result of Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of the drug LIPITOR®, Plaintiffs suffered severe and permanent physical and emotional injuries, including, but not limited to type 2 diabetes.  Plaintiffs have endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiffs seek actual and punitive damages from Defendant as alleged herein.

## EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

130.    Plaintiffs incorporate by reference all prior paragraphs of this Petition as if fully set forth herein.

131.    The running of any statute of limitations has been tolled by reason of Defendant's fraudulent concealment.  Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' treating physicians the true risks associated with LIPITOR®.

132.    As a result of Defendant's actions, Plaintiffs and, upon information and belief,

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

Plaintiffs' treating physicians were unaware, and could not reasonably know or have learned through reasonable diligence that they had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendant's acts and omissions.

133.    Furthermore, Defendant is estopped from relying on any statute of limitations because of its fraudulent concealment of the true character, quality and nature of LIPITOR®. Defendant was under a duty to disclose the true character, quality, and nature of LIPITOR® because this was non-public information over which Defendant had and continues to have exclusive control, and because Defendant knew that this information was not available to the Plaintiffs, medical providers and/or to their facilities.  In addition, Defendant is estopped from relying on any statute of limitations because of its intentional concealment of these facts.

134.    The Plaintiffs had no knowledge that Defendant was engaged in the wrongdoing alleged herein.  Because of the fraudulent acts of concealment of wrongdoing by Defendant, the Plaintiffs could not have reasonably discovered the wrongdoing at any time prior. Also, the economics of this fraud should be considered.  Defendant had the ability to and did spend enormous amounts of money in furtherance of its purpose of marketing, promoting and/or distributing a profitable drug, notwithstanding the known or reasonably known risks.  Plaintiffs and medical professionals could not have afforded and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and were forced to rely on only the Defendant's representations.  Accordingly, Defendant is precluded by the discovery rule and/or the doctrine of fraudulent concealment from relying upon any statute of limitations.

135.    For each Count hereinafter alleged and averred, the above and following Paragraphs should be considered re-alleged as if fully rewritten.

## FIRST CAUSE OF ACTION

### [Strict Liability]

136.    LIPITOR® was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution in that warnings, instructions and directions accompanying LIPITOR® failed to warn of the dangerous risks posed by LIPITOR®, including the risk of developing diabetes.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

137.    At all times alleged herein, LIPITOR® was defective and Defendant knew that LIPITOR® was to be used by consumers without inspection for defects.  Moreover, Plaintiffs, their prescribing physicians, and their health care providers neither knew nor had reason to know at the time of Plaintiffs' use of LIPITOR® of the aforementioned defects.  Ordinary consumers would not have recognized the potential risks for which Defendant failed to include the appropriate warnings.

138.    At all times alleged herein, LIPITOR® was prescribed to and used by Plaintiffs as intended by Defendant and in a manner reasonably foreseeable to Defendant.

139.    The design of LIPITOR® was defective in that the risks associated with using LIPITOR® outweighed any benefits of the design. Any benefits associated with the use of LIPITOR® were either relatively minor or nonexistent and could have been obtained by the use of other, alternative treatments and products that could equally or more effectively reach similar results.

140.    The defect in design existed when the product left Defendant's possession.

141.    At the time LIPITOR® left the control of Defendant, Defendant knew or should have known of the risks associated with ingesting LIPITOR®.

142.    As a result of LIPITOR®'s defective condition, Plaintiffs suffered the injuries and damages alleged herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

## SECOND CAUSE OF ACTION

### [Product Liability – Failure to Warn]

143.    Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

144.    Defendant has engaged in the business of selling, distributing, supplying, manufacturing, marketing, and/or promoting LIPITOR®, and through that conduct has knowingly and intentionally placed LIPITOR® into the stream of commerce with full knowledge that it reaches consumers such as Plaintiffs who ingested it.

145.    Defendant did in fact sell, distribute, supply, manufacture, and/or promote

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

LIPITOR® to Plaintiffs and to their prescribing physicians.  Additionally, Defendant expected the LIPITOR® that it was selling, distributing, supplying, manufacturing, and/or promoting to reach – and LIPITOR® did in fact reach – prescribing physicians and consumers, including Plaintiffs and their prescribing physicians, without any substantial change in the condition of the product from when it was initially distributed by Defendant.

146.    At all times herein mentioned, the aforesaid product was defective and unsafe in manufacture such that it was unreasonably dangerous to the user, and was so at the time it was distributed by Defendant and ingested by Plaintiffs.  The defective condition of LIPITOR® was due in part to the fact that it was not accompanied by proper warnings regarding the possible side effect of developing diabetes as a result of its use.

147.    This defect caused serious injury to Plaintiffs, who used LIPITOR® in its intended and foreseeable manner.

148.    At all times herein mentioned, Defendant had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings, and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.

149.    Defendant so negligently and recklessly labeled, distributed, and promoted the aforesaid product that it was dangerous and unsafe for the use and purpose for which it was intended.

150.    Defendant negligently and recklessly failed to warn of the nature and scope of the side effects associated with LIPITOR®, namely diabetes.

151.    Defendant was aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendant knew or should have known that LIPITOR® caused serious injuries, it failed to exercise reasonable care to warn of the dangerous side effect of developing diabetes from LIPITOR® use, even though this side effect was known or reasonably scientifically knowable at the time of distribution. Defendant willfully and deliberately failed to avoid the consequences associated with their failure to warn, and in  doing so, Defendant acted with a conscious disregard for the safety of Plaintiffs.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

152.    Plaintiffs could not have discovered any defect in the subject product through the exercise of reasonable care.

153.    Defendant, as the manufacturer and/or distributor of the subject product, is held to the level of knowledge of an expert in the field.

154.    Plaintiffs reasonably relied upon the skill, superior knowledge, and judgment of Defendant.

155.    Had Defendant properly disclosed the risks associated with LIPITOR®, Plaintiffs would have avoided the risk of diabetes by either not using LIPITOR® at all or by closely monitoring their blood glucose levels to see if the drug was adversely affecting their metabolism.

156.    As a direct and proximate result of the carelessness, negligence, recklessness, and gross negligence of Defendant alleged herein, and in such other ways to be later shown, the subject product caused Plaintiffs to sustain injuries as herein alleged.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

### THIRD CAUSE OF ACTION

### [Negligence]

157.    Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

158.    At all times material hereto, Defendant had a duty to exercise reasonable care to consumers,  including Plaintiffs herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of LIPITOR®.

159.    Defendant breached its duty of reasonable care to Plaintiffs in that it negligently promoted, marketed, distributed, and/or labeled the subject product.

160.    Plaintiffs' injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of Defendant, including, but not limited to, one or more of the following particulars:

a)      In  the  design,  development,  research,  manufacture,  testing,  packaging,

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

promotion, marketing, sale, and/or distribution of the subject product;

b)   In failing to warn or instruct, and/or adequately warn or adequately instruct, users of the subject product, including Plaintiffs herein, of LIPITOR®'s dangerous and defective characteristics;

c)   In the design, development, implementation, administration, supervision, and/or monitoring of clinical trials for the subject product;

d)   In promoting the subject product in an overly aggressive, deceitful, and fraudulent manner, despite evidence as to the product's defective and dangerous characteristics due to its propensity to cause diabetes;

e)   In representing that the subject product was safe for its intended use when, in fact, the product was unsafe for its intended use;

f)   In failing to perform appropriate pre-market testing of the subject product;

g)   In failing to perform appropriate post-market surveillance of the subject product;

h)   In failing to adequately and properly test LIPITOR® before and after placing it on the market;

i)   In failing to conduct sufficient testing on LIPITOR® which, if properly performed, would have shown that LIPITOR® had the  serious side effect of causing type 2 diabetes;

j)   In failing to adequately warn Plaintiffs and their healthcare providers that the use of LIPITOR® carried a risk of developing type 2 diabetes and that patients' blood glucose should be closely monitored;

k)   In failing to provide adequate post-marketing warnings or instructions after Defendant knew or should have known of the significant risk of diabetes associated with the use of LIPITOR®; and

l)   In failing to adequately and timely inform Plaintiffs and the healthcare industry of the risk of serious personal injury, namely diabetes, from LIPITOR® ingestion as described herein.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

161.    Defendant knew or should have known that consumers, such as Plaintiffs herein, would foreseeably suffer injury as a result of Defendant's failure to exercise reasonable and ordinary care.

162.    As a direct and proximate result of Defendant's carelessness and negligence, Plaintiffs suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes.  Plaintiffs have endured pain and suffering, have suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiffs seek actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

## FOURTH CAUSE OF ACTION

### [Breach of Express Warranty]

163.    Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

164.    Before Plaintiffs were first prescribed LIPITOR® and during the period in which they used LIPITOR®, Defendant expressly warranted that LIPITOR® was safe.

165.    LIPITOR® did not conform to these express representations because LIPITOR® was not safe and had an increased risk of serious side effects, including diabetes, whether taken individually or in conjunction with other therapies.

166.    As a direct and proximate result of this wrongful conduct, Plaintiffs were injured as described above.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

## FIFTH CAUSE OF ACTION

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

### [Breach of Implied Warranty]

167.     Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

168.     At all times mentioned herein, Defendant manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and/or sold LIPITOR®, and prior to the time that it was prescribed to Plaintiffs, Defendant impliedly warranted to Plaintiffs that the subject product was of merchantable quality and safe and fit for the use for which it was intended.

169.     Plaintiffs, individually and through their prescribing physicians, reasonably relied upon the skill, superior knowledge, and judgment of Defendant.

170.     Plaintiffs were prescribed, purchased, and used the subject product for its intended purpose.

171.     Due to Defendant's wrongful conduct as alleged herein, Plaintiffs could not have known about the nature of the risks and side effects associated with the subject product until after they used it.

172.     Contrary to the implied warranty for the subject product, LIPITOR® was not of merchantable quality, and it was neither safe nor fit for its intended uses and purposes, as alleged herein.

173.     As a direct and proximate result of Defendant's breach of implied warranty, Plaintiffs suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes.  Plaintiffs have endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.  Plaintiffs seek actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

### SIXTH CAUSE OF ACTION

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

**[Fraud]**

174.     Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

175.     Defendant misrepresented to Plaintiffs, their prescribing physicians, and the healthcare industry the safety and effectiveness of LIPITOR® and/or fraudulently, intentionally, and/or negligently concealed material information, including adverse information, regarding the safety and effectiveness of LIPITOR®.

176.     Defendant made misrepresentations and actively concealed adverse information when Defendant knew, or should have known, that LIPITOR® had defects, dangers, and characteristics that were other than what Defendant had represented to Plaintiffs and the healthcare industry generally.  Specifically, Defendant actively concealed from Plaintiffs, their prescribing physicians, the health care industry, and the consuming public that:

(a)     Since at least 1996 Defendant Pfizer and/or its predecessors were in possession of data demonstrating that LIPITOR® increases the risk of type 2 diabetes and the risk of increased blood glucose to levels diagnostic for type 2 diabetes;

(b)     There had been insufficient studies by Defendant and/or its predecessors regarding the safety and efficacy of LIPITOR® in women before and after its product launch;

(c)     LIPITOR® was not fully and adequately tested by Defendant and/or its predecessor for the risk of developing type 2 diabetes; and

(d)     Testing and studies by other entities as reported in the scientific literature has shown that the use of LIPITOR® increases the risk of type 2 diabetes.

177.     These misrepresentations and/or active concealment alleged were perpetuated directly and/or indirectly by Defendant.

178.     Defendant knew or should have known that these representations were false, and it made the representations with the intent or purpose of deceiving Plaintiffs, their prescribing physicians, and the healthcare industry.

179.     Defendant made these false representations with the intent or purpose that Plaintiffs,

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

their prescribing physicians, and the healthcare industry would rely on them, leading to the use of LIPITOR® by Plaintiffs as well as the general public.

180.    At all times herein mentioned, neither Plaintiffs nor their physicians were aware of the falsity of the statements being made by Defendant and believed them to be true.  Had they been aware of said facts, their physicians would not have prescribed and Plaintiffs would not have utilized the subject product.

181.    Plaintiffs justifiably relied on and/or were induced by Defendant's misrepresentations and/or active concealment and relied on the absence of safety information which Defendant did suppress, conceal, or fail to disclose to Plaintiffs' detriment.

182.    Defendant had a post-sale duty to warn Plaintiffs, their prescribing physicians, and the general public about the potential risks and complications associated with LIPITOR® in a timely manner.

183.    Defendant made the representations and actively concealed information about the defects and dangers of LIPITOR® with the intent and specific desire that Plaintiffs' prescribing physicians and the consuming public would rely on such information, or the absence of information, in selecting LIPITOR® as a treatment.

184.    As a result of the concealment and/or suppression of the material facts set forth above, Plaintiffs ingested LIPITOR® and suffered injuries as set forth herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

## SEVENTH CAUSE OF ACTION

### [Fraudulent Concealment]

185.    Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

186.    Defendant committed actual fraud by making material representations that were false, knowing that such material representations were false, and/or with reckless disregard for the truth or falsity of such material representations with the intent that Plaintiffs and their prescribing

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

physicians would rely on such material representations.

187.    Plaintiffs and their prescribing physicians were unaware of the falsity of these representations, they acted in actual and justifiable reliance on such material misrepresentations, and Plaintiffs were injured as a direct and proximate result.

188.    Additionally, Defendant knowingly omitted material information and remained silent regarding said misrepresentations despite the fact that it had a duty to inform Plaintiffs, their prescribing physicians, and the general public of the inaccuracy of said misrepresentations, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiffs and their prescribing physicians would rely on Defendant's misrepresentations.  Plaintiffs and their prescribing physicians did, in fact, act in actual and justifiable reliance on Defendant's representations, and Plaintiffs were injured as a result.

189.    At all times herein mentioned, Defendant had a duty to Plaintiffs, their prescribing physicians, and the general public to accurately inform them of risks associated with LIPITOR® because Defendant, as the manufacturer and/or distributor of the subject product, was in a position of superior knowledge and judgment regarding any potential risks associated with LIPITOR®.

190.    Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiffs relating to the LIPITOR® at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

191.    In breaching their duties to Plaintiffs, Defendant used its position of trust as the manufacturer and/or distributor of LIPITOR® to increase sales of the drug at the expense of informing Plaintiffs that, by ingesting LIPITOR®, they were placing themselves at a significantly-increased risk of developing type 2 diabetes.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees, and all such other and further relief as this Court deems just and proper.  Plaintiffs also demand that the issues herein contained be tried by a jury.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

## PUNITIVE DAMAGES

192.    Plaintiffs re-allege all prior paragraphs of the Petition as if set out here in full.

193.    At all times material hereto, Defendant knew or should have known that LIPITOR® was inherently dangerous with respect to the risk of diabetes.

194.    At all times material hereto, Defendant attempted to misrepresent and did misrepresent facts concerning the safety of LIPITOR®.

195.    Defendant's misrepresentations included knowingly withholding material information from the medical community and the public, including Plaintiffs, concerning the safety of the subject product.

196.    At all times material hereto, Defendant knew and recklessly disregarded the fact that LIPITOR® causes the chronic illness diabetes.

197.    Notwithstanding the foregoing, Defendant continued to aggressively market the subject product to consumers, including Plaintiffs herein, without disclosing the aforesaid side effect.

198.    Defendant knew of the subject product's lack of warnings regarding the risk of diabetes, but it intentionally concealed and/or recklessly failed to disclose that risk and continued to market, distribute, and/or sell LIPITOR® without said warnings so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs herein, in conscious and/or negligent disregard of the foreseeable harm caused by LIPITOR®.

199.    Defendant's intentional and/or reckless failure to disclose information deprived Plaintiffs of necessary information to enable them to weigh the true risks of using LIPITOR® against its benefits.

200.    As a direct and proximate result of Defendant's willful, wanton, careless, reckless, conscious, and deliberate disregard for the rights and safety of their consumers, Plaintiffs suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes. Plaintiffs have endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiffs' injuries and damages are permanent and will continue into the future.

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM

201.    Defendant's aforesaid conduct was committed with knowing, conscious, careless, reckless, willful, wanton, and deliberate disregard for the rights and safety of consumers, including Plaintiffs, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish Defendant and deter it from similar conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief and judgment against Defendant as follows:

(a)    For general (non-economic) and special (economic) damages in a sum in excess of the jurisdictional minimum of this Court;

(b)    For medical, incidental, and hospital expenses according to proof;

(c)    For pre-judgment and post-judgment interest as provided by law;

(d)    For full refund of all purchase costs Plaintiffs paid for LIPITOR®;

(e)    For compensatory damages in excess of the jurisdictional minimum of this Court;

(f)    For consequential damages in excess of the jurisdictional minimum of this Court;

(g)    For punitive damages in an amount in excess of any jurisdictional minimum of this Court and in an amount sufficient to impress upon Defendant the seriousness of its conduct and to deter similar conduct in the future;

(h)    For attorneys' fees, expenses, and costs of this action; and

(i)    For such further relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED:  February 24, 2015                RESPECTFULLY SUBMITTED,


                                         /s/ John J. Driscoll
                                         John J. Driscoll #54729
                                         Christopher Quinn #41883
                                         **The Driscoll Firm, P.C.**
                                         One Metropolitan Square
                                         211 North Broadway, 40th Floor
                                         St. Louis, MO 63102
                                         314-932-3232 – Telephone
                                         314-932-3233 – Facsimile
                                         john@thedriscollfirm.com
                                         chris@thedriscollfirm.com


                                         Bill Robins III
                                         (*Pro hac application forthcoming*)
                                         **Heard Robins Cloud LLP**
                                         808 Wilshire Blvd, Suite 450
                                         Santa Monica, CA 90401
                                         (310) 929-4200 - Telephone
                                         (310) 566-5900 - Facsimile
                                         robins@heardrobins.com

                                         *Attorneys for Plaintiffs*

Electronically Filed - City of St. Louis - February 24, 2015 - 02:39 PM